KING, Judge.
The issue presented by this appeal is whether the trial court was correct in granting a preliminary and finally a permanent injunction to prevent interference with possession of property.
First Federal Savings & Loan Association of Opelousas (hereinafter plaintiff) filed suit by executory process against Howard Manuel (hereinafter defendant) for past due sums owed on defendant’s promissory note and for foreclosure of defendant’s mortgage given to secure the promissory note. An order was granted ordering executory process to issue. Plaintiff purchased defendant’s mortgaged property at the Sheriff’s Sale ordered in the executory process suit and attempted to take possession of the property and make renovations when defendant interfered with its possession. Plaintiff then filed suit for a preliminary and finally a permanent injunction to restrain defendant from interfering with plaintiff’s possession of the property. Defendant filed an answer claiming that the order for executory process was null and void, as well as the resulting Sheriff’s Sale by which plaintiff acquired title to the property, because plaintiff had paid the filing fees of its executory process suit in currency other than gold or silver coin. Defendant appeals the trial court’s granting of a permanent injunction in favor of plaintiff and against defendant, alleging as error the trial court’s approval of plaintiff paying the filing fees for its executory process suit in currency other than gold or silver coin. We affirm the trial court judgment.
FACTS
On March 25, 1985 plaintiff filed suit by executory process against defendant for collection of the balance owed on defendant’s promissory note and for foreclosure of the mortgage on defendant’s property given as security for defendant’s promissory note. An order for executory process was issued by the court. Defendant filed numerous pleadings in this executory process suit, one of which challenged the payment of the filing fees in currency other than gold or silver coin. Defendant did not attempt to enjoin or suspensively appeal the order directing the issuance of the writ of seizure and sale as provided by La.C. C.P. Art. 2642. The property mortgaged by the defendant was subsequently sold at a Sheriff’s Sale, held on May 22, 1985, to the plaintiff. Defendant then filed an appeal to the Third Circuit, Louisiana Court of Appeal, on June 21,1985. On November 19, 1985, this court, on plaintiff’s motion, ordered the defendant’s unlodged appeal dismissed for the reason that it was not timely perfected in accordance with La.C.C.P. Art. 2642. First Fed. Sav. & Loan Assoc. v. Manuel, 479 So.2d 379 (La.App.1985).
Plaintiff then attempted to take possession of defendant’s property it had purchased at the Sheriff’s Sale, to repair and renovate it, prior to attempting to sell the property to mitigate its loss of the money loaned to the defendant. The defendant interfered with the renovation and repair efforts.
*1069 On November 27, 1985, plaintiff, First Federal Savings and Loan Association of Opelousas, filed a petition for injunctive relief alleging that the defendant, Howard Manuel, interfered with plaintiffs possession and renovation of the property, previously owned by defendant and purchased by plaintiff at the Sheriffs Sale held in the earlier executory process proceeding. Defendant filed an answer attempting to assert the nullity of the earlier executory process proceeding and subsequent Sheriffs Sale, because of the failure of plaintiff to pay the filing fee in gold or silver coins, as a defense justifying his retaining possession of the property. After a hearing a preliminary injunction was issued which, after another hearing, was made a permanent injunction, with all costs of the proceedings assessed against defendant, Howard Manuel.
Defendant appeals in proper person and argues only the denial of his defense concerning non-payment of filing fees by the plaintiff in its earlier executory process suit against defendant. As is apparent from the defendant’s brief, he argues that the Constitution of the United States prohibits any currency other than gold or silver coins for payment of debt which, according to defendant, means that plaintiff, who paid the filing fees of its earlier suit for executory process against the defendant in United States federal reserve notes or their equivalent, did not pay the filing fees required by law in its suit for foreclosure thus rendering the order for exec-utory process and the subsequent Sheriffs Sale of his property in the executory process suit without effect.
LAW
We pretermit a discussion of the effect of an order for executory process granted without payment of court costs or whether a collateral attack on such an order or a Sheriff’s Sale, held in accordance with such an order, can be made in a suit for injunctive relief by finding that payment of filing fees in United States currency or by its equivalent does meet the requirements for payment of filing fees in legal tender.
Defendant cites Art. 1, § 10 of the U.S. Constitution in support of his argument which states that:
“10. Restrictions upon powers of states
Section 10. No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in payment of Debts; pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility.” (Emphasis added.)
Defendant fails to realize that the caption placed above this article, which states: “Restrictions upon powers of states ” indicates, as does the article itself, that this article does not restrict the power of the United States Congress but only that of the individual states. Defendant further fails to recognize the powers of the United States Congress, as delegated to it by Art. I, § 8 of the U.S. Constitution, which are:
“8. Powers of Congress
Section 8. The Congress shall have power to lay and collect taxes, duties, imposts and excises, to pay the debts and provide for the common defense and general welfare of the United States; but all duties, imposts and excises shall be uniform throughout the United States.
[[Image here]]

To coin money, regulate the value thereof, and offoreign coin, and fix the standard of weights and measures.

[[Image here]]
To make all laws which shall be necessary and proper for carrying into execution the foregoing powers, and all other powers vested by the constitution in the government of the United States, or in any department or officer thereof.” (Emphasis added.)
Defendant cannot distinguish between these two Constitutional provisions, one allowing the Congress to coin money and the other prohibiting the states from doing so. Article I, § 8 affords the United States Congress the authority to establish uniform legal tender for the payment of private debts. The United States Congress *1070 has, as such, made federal reserve notes legal tender. See, e.g. The Legal Tender Cases, 12 Wall. 457, 20 L.Ed. 287.
Congress long ago chose to establish a system of coins and currency for payment of private debts which is now provided for in U.S.C.A. Title 31, § 5103, which reads:
“United States coins and currency (including Federal reserve notes and circulating notes of Federal reserve banks and national banks) are legal tender for all debts, public charges, taxes, and dues. Foreign gold or silver coins are not legal tender for debts.”
In an ancient but often cited case, Juiliard v. Greenman, 110 U.S. 421, 4 S.Ct. 122, 28 L.Ed. 204 (1884), the United States Supreme Court stated, “The constitutional authority of Congress to provide a currency for the whole country is now firmly established.” Id. 110 U.S. 421, at page 428, 4 S.Ct. 122, at page 128, 28 L.Ed. 204. The argument made in Juiliard is essentially the same argument which is now asserted by defendant.
As has long been recognized and as we hold today, United States federal reserve notes are negotiable and are legal tender in payment of all private debts including filing fees.
For the reasons given above, the trial court judgment is affirmed. All costs of this appeal are assessed to the defendant-appellant.
AFFIRMED.